UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDO LUFTU ALI,<br><br>    *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>    *Defendant*. | Civil Action No. 20-1436 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Abdo Luftu Ali ("Plaintiff") challenges the revocation of his United States passport by Defendant the United States Department of State ("Defendant" or "Department of State") under the Administrative Procedure Act ("APA"). Defendant moves to dismiss because Congress expressly provided another remedy under the Immigration and Nationality Act of 1952 ("INA") for any person denied a right or privilege as a national of the United States. *See* 8 U.S.C. § 1503.[1] Because there exists an adequate, alternative remedy to the relief sought through the APA, Plaintiff may not proceed under the APA, and must challenge the Department of State's decision under the appropriate review provision of the INA in the appropriate judicial district.

**FACTUAL BACKGROUND**

According to the Complaint, Plaintiff, a resident of Oxford, Mississippi, was born in Yemen in 1979. Compl. at 1; *id.* ¶ 7. Plaintiff's father was born in Yemen in 1928 and naturalized

---

[1] Defendant notes that it does not appear that the Department of State was ever served with process in this matter. Although insufficient service of process would be an independent argument for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendant is not pursuing that argument in light of the alternative argument for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) discussed herein.

as a U.S. citizen in 1969. *Id.* ¶ 8. Based on the information contained in Plaintiff's passport application, he was issued a United States passport on March 27, 1990, under Section 301(g) of the INA, on the grounds that his father was a U.S. citizen who had been present in the United States for at least 10 years, at least 5 of which were over the age of 14. *Id.* ¶ 10. Plaintiff entered the United States as a citizen in 1994, and his father died in 1998. *Id.* ¶¶ 11-12. Plaintiff was subsequently issued passport approvals in 1999 and 2009. *Id.* ¶ 13. On January 8, 2019, Plaintiff's passport was revoked by the Department of State, on the ground that it was determined that Plaintiff was not a U.S. national, citing 22 C.F.R. § 51.62(b). Compl. ¶ 15; *see also* 22 C.F.R. § 51.62(b) ("The Department may revoke a passport when the Department has determined that the bearer of the passport is not a U.S. national[.]"). On May 30, 2020, Plaintiff filed this action under the APA, Compl. ¶ 1, alleging that the Department of State's decision to revoke his passport "should be held unlawful and set aside on the grounds that it is arbitrary and/or not in accordance with law." *Id.* at 8.

## STATUTORY AND REGULATORY FRAMEWORK

The Secretary of State or a designee possesses the authority to "grant and issue passports . . . under such rules as the President shall designate and prescribe for and on behalf of the United States, and no other person shall grant, issue, or verify such passports." 22 U.S.C. § 211a. This authority includes the ability to revoke passports. *See Haig v. Agee*, 453 U.S. 280, 290-91 (1981). Passports may only be issued to U.S. nationals, s*ee* 22 C.F.R. § 51.2(a), and the Department of State may revoke a passport when the Department of State has determined that the bearer of the passport is not a U.S. national, *see* 22 C.F.R. § 51.62(b). The bearer of a passport is not entitled to an administrative hearing in the case of a revocation action taken on grounds of non-citizenship. *See* 22 C.F.R. § 51.70(b)(5). The revocation of a passport does not revoke an individual's

citizenship status. *See* 8 U.S.C. § 1504(a) ("The cancellation under this section of any document purporting to show the citizenship status of the person to whom it was issued shall affect only the document and not the citizenship status of the person in whose name the document was issued.").

Section 360(a) of the INA outlines the process by which individuals can receive judicial review of the denial of "a right or privilege as a national of the United States" by a government official, department, or independent agency, "upon the ground that he is not a national of the United States." 8 U.S.C. § 1503; *see also Xia v. Tillerson*, 865 F.3d 643, 655 (D.C. Cir. 2017) ("Section 1503 provides for judicial review of denial of any 'right or privilege' of citizenship, including invalidations of passports or naturalization certificates."). As relevant here, if an aggrieved party is "within the United States," the INA creates a cause of action allowing him to seek a declaration in federal court that he is "a national of the United States." 8 U.S.C. § 1503(a). Actions pursuant to 8 U.S.C. § 1503(a) must be instituted within five years after the final administrative denial of such right or privilege, and must be filed "in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts." *Id.* The term "residence" is defined in Section 101(a)(33) of the INA to mean "the place of general abode," and the "place of general abode of a person" is defined as a person's "principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(a)(33).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In weighing a motion to dismiss, a court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ARGUMENT

Plaintiff cannot state a claim under the APA because Congress expressly provided an alternative adequate remedy under the INA for any person denied a right or privilege as a national of the United States. *See* 8 U.S.C. § 1503. Because Plaintiff seeks review of the Department of State's denial of a right or privilege as a national of the United States—the revocation of his U.S. passport—he must challenge the Department of State's decision under the applicable INA review provisions in the appropriate judicial district, and may not proceed in this Court under the APA. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The APA provides a general cause of action to "person[s] suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, and provides that the reviewing court shall "hold unlawful and set aside agency action" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[,]" 5 U.S.C. § 706. Judicial review under the APA is only available, however, when "there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. Indeed, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). To be considered "adequate," the alternative relief available need not provide an identical review that the

4

APA would provide, so long as the alternative remedy offers the "same genre" of relief. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1245 (D.C. Cir. 2017) (quoting *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005)). Alternative relief "will be deemed adequate 'where a statute affords an opportunity for *de novo* district-court review' of the agency action." *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1270). This is because "Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the review provision] and the APA." *El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1270 (internal citation and quotation marks omitted). Where an adequate remedy is available, a plaintiff lacks a cause of action under the APA to challenge an agency's alleged error. *See Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) (absence of an adequate alternative remedy is an element of the cause of action created by the APA).

Plaintiff's claims under the APA must fail because Plaintiff has an adequate remedy under 8 U.S.C. § 1503, which provides for a *de novo* judicial determination of whether Plaintiff is a U.S. national. The express right of action for *de novo* review under the INA mandates that Plaintiff pursue this statutory remedy in lieu of APA review. *Cf. Washington Legal Foundation v. Alexander*, 984 F.2d 483, 486 (D.C. Cir. 1993) (alternative implied statutory remedy "operate[d] . . . by force of 5 U.S.C. § 704, to preclude a remedy under the APA"). Thus, Plaintiff's claims must be dismissed for failure to state a claim under the APA. *See Alsaidi v. United States Dep't of State*, 292 F. Supp. 3d 320, 327 (D.D.C. 2018) ("To renew her passport, plaintiff will require proof of citizenship, and under 8 U.S.C. § 1503(a), she may accomplish this directly through *de novo* review in the federal district court in which she resides (*i.e.*, the Northern District of

California).  This constitutes an adequate alternative remedy to achieve plaintiff's desired relief."); *Hassan v. Holder*, 793 F. Supp. 2d 440, 445-46 (D.D.C. 2011) (dismissing APA claim because 8 U.S.C. § 1503(a) provided adequate alternative remedy); *Hinojosa v. Horn*, 896 F.3d 305, 312 (5th Cir. 2018) ("In sum, § 1503 expresses a clear congressional intent to provide a specific procedure to review the Plaintiffs' claims.  Permitting a cause of action under the APA would provide a duplicative remedy, authorizing an end-run around that process."); *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016) ("[C]ourts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S. national, reasoning that . . . a judicial declaration of citizenship and entitlement to a passport [] may be directly sought through 8 U.S.C. § 1503(a)."); *Raya v. Clinton*, 703 F. Supp. 2d 569, 575 (W.D. Va. 2010) ("Because 8 U.S.C. § 1503(a) provides an adequate remedy by which the plaintiff may challenge the denial of her passport application, the court agrees with the defendants that [the plaintiff's APA claim is] subject to dismissal.").[2]

---

[2] The D.C. Circuit's decision in *Xia v. Tillerson*, 865 F.3d 643 (D.C. Cir. 2017), does not conflict with the proposition that APA review is unavailable when an individual seeks to challenge the denial of a right or privilege of citizenship on the ground that the individual is not a U.S. national. Although the *Xia* court allowed the plaintiffs' APA claims to proceed alongside the plaintiffs' § 1503 claims on remand, the plaintiffs' APA claims in that case did not substantively challenge the agency's determination that the plaintiffs were not U.S. citizens, but rather challenged the procedures under which the revocation of Certificates of Naturalization and U.S. passports took place. *Id.* at 657 ("Xia's passport revocation was allegedly arbitrary because putatively based on an event that had yet to occur, and allegedly contrary to law because accomplished without the requisite administrative hearing."). The instant case poses a significant factual distinction which renders the court's opinion permitting APA claims to proceed on remand inapposite—namely, Plaintiff does not possess a Certificate of Naturalization, and thus is not entitled to the INA's specific denaturalization procedures. Here, Plaintiff claims to have acquired citizenship at birth, and the Department of State has found he failed to provide sufficient evidence to support that acquisition. Moreover, *Xia* did not specifically decide whether an adequate remedy existed so as to preclude the plaintiffs' APA claims; rather, it simply rejected the district court's conclusion that the plaintiffs had failed to exhaust administrative remedies and remanded the claims for further

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).[3]  A proposed order is submitted herewith.

Dated: August 14, 2020                        Respectfully submitted,

                                                      MICHAEL R. SHERWIN
                                                     Acting United States Attorney

                                                     DANIEL F. VAN HORN, D.C. Bar No. 924092
                                                     Chief, Civil Division

                                        By: */s/ Katherine B. Palmer-Ball*
                                                KATHERINE B. PALMER-BALL
                                                D.C. Bar No. 1014003
                                                Assistant United States Attorney
                                                555 Fourth Street, N.W.
                                                Washington, D.C. 20530
                                                Phone: (202) 252-2537
                                                katherine.palmer-ball@usdoj.gov

                                                *Counsel for Defendant*

---

consideration.  *Id.*  Indeed, in the context of discussing other claims, the court specifically characterized § 1503 as an "adequate avenue[.]"  *Id.* at 655.

[3] Any attempt by Plaintiff to amend the Complaint to bring a claim pursuant to 8 U.S.C. § 1503 would be futile, as any such amended pleading would be subject to dismissal for want of jurisdiction and improper venue under the express terms of the statute.  *See* 8 U.S.C. § 1503(a) ("An action under this subsection . . . shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts."); *Xia*, 865 F.3d at 655 (8 U.S.C. § 1503(a) "requires a claimant to file in the district in which such person resides or claims a residence") (internal citation and quotation marks omitted); Compl. at 1 (stating that Plaintiff resides in Oxford, Mississippi).