UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDO LUFTU ALI,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 20-1436 (RJL) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant the United States Department of State ("Defendant" or the "Department of State"), by and through undersigned counsel, respectfully submits this reply in support of Defendant's motion to dismiss. Plaintiff Abdo Luftu Ali ("Plaintiff") challenges in this action the Department of State's January 8, 2019 decision to revoke Plaintiff's passport. That decision, attached as an exhibit to Plaintiff's opposition brief, made clear that the basis for the passport revocation was a determination that Plaintiff is not a U.S. national. *See* ECF No. 9-1. The letter explained that the finding was based on new information indicating that Plaintiff's father had not spent the required number of years in the United States prior to Plaintiff's birth in order to confer citizenship under Section 301(g) of the Immigration and Nationality Act ("INA"). *Id.* The decision also informed Plaintiff that although he was not entitled to a hearing under 22 C.F.R. §§ 51.70 through 51.74—which state that a hearing is not provided in a case of an adverse passport action taken on grounds of non-nationality—if appropriate, he could seek to pursue an action in United States District Court under 8 U.S.C. § 1503.[1] *Id.* at 2.

---

[1] The relevant subsection of the statute provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action . . . against the head of such

Plaintiff declined to pursue an action under 8 U.S.C. § 1503, instead initiating this lawsuit under the Administrative Procedure Act ("APA"), alleging that the Department of State's decision based on non-nationality was arbitrary and/or otherwise not in accordance with law. The Department of State moved to dismiss Plaintiff's claim, arguing that Plaintiff cannot state a claim under the APA given the adequate alternative remedy provided by 8 U.S.C. § 1503. *See generally* ECF No. 6; *see also* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review.") (emphasis added). In opposing Defendant's motion to dismiss, Plaintiff asserts that 8 U.S.C. § 1503 does not provide an adequate alternative remedy because he *does not* claim to be a U.S. national. *See* ECF No. 9 at 3-4 ("[T]he entire basis of an 8 U.S.C. § 1503 action is the claim that the plaintiff is a U.S. national, while Mr. Ali need not—and does not—make this claim here.").[2] Thus, Plaintiff seeks a finding from this Court that the Department of State's decision revoking his passport on the basis of a finding of non-nationality was arbitrary or unlawful, when Plaintiff himself apparently does not contest the validity of the determination forming the basis of the denial—that Plaintiff is not a U.S. national.

---

department or independent agency for a judgment declaring him to be a national of the United States[.] An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a).

[2] Defendant notes that every passport application requires the applicant to aver, under oath, that they are a U.S. citizen. *Cf.* 22 U.S.C. § 213 ("Before a passport is issued to any person by or under authority of the United States such person shall subscribe to and submit a written application which shall contain a true recital of each and every matter of fact which may be required by law or by any rules authorized by law to be stated as a prerequisite to the issuance of any such passport.").

Plaintiff seeks to salvage his case by invoking general principles of equity in asking this Court to confer citizenship upon him where none exists in law, and where Plaintiff concedes he is not claiming to be a citizen, *see* ECF No. 9 at 3; however, such power is not vested with the federal courts, and Plaintiff's argument must fail. *See INS v. Pangilinan*, 486 U.S. 875, 885 (1988) ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of these limitations."); *Hizam v. Kerry*, 747 F.3d 102, 110 (2d Cir. 2014) ("Courts cannot grant citizenship through their equitable powers.").

Moreover, only U.S. citizens and non-citizen nationals are entitled to a U.S. passport. *See* 22 U.S.C. § 212 ("No passport shall be granted or issued to or verified for any other persons than those owing allegiance, whether citizens or not, to the United States."). Accordingly, the Department of State may—as is the case here—"revoke a passport when the Department has determined that the bearer of the passport is not a U.S. national[.]" 22 C.F.R. § 51.62(b). Even if 8 U.S.C. § 1503 did not provide an adequate alternative remedy in this case—which it does— if Plaintiff does not assert that he is a U.S. national, then Plaintiff cannot state a claim under the APA for the independent reason that Plaintiff cannot show that the Department of State acted arbitrarily or unlawfully in revoking Plaintiff's passport. Furthermore, as Defendant argued in its motion to dismiss, in the context of passport revocations and/or denials based on non-nationality, courts have explicitly found that 8 U.S.C. § 1503 provides an adequate alternative remedy sufficient to preclude an APA claim. *See, e.g., Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016) ("[C]ourts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S.

national, reasoning that . . . a judicial declaration of citizenship and entitlement to a passport [] may be directly sought through 8 U.S.C. § 1503(a).").[3]

For these reasons, and those set forth in Defendant's motion to dismiss, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: September 3, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By: */s/ Katherine B. Palmer-Ball*
KATHERINE B. PALMER-BALL
D.C. Bar No. 1014003
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2537
katherine.palmer-ball@usdoj.gov

*Counsel for Defendant*

---

[3] Plaintiff cites a recent decision from the Second Circuit, asking this Court to consider it carefully, *see* Pl.'s Opp. at 5 n.3, however the circumstances at issue in *Alzokari v. Pompeo*, Civ. A. No. 19-3133, 2020 WL 5032454 (2d Cir. Aug. 26, 2020), are entirely inapposite. In that case, the plaintiff was born in Yemen and naturalized as a U.S. citizen in 1979 under the name "Ahmed Ali Alzokari." *Id.* at *1. He had used that name in each of his United States passport applications since 1979, however the Department of State revoked his passport—pursuant to 22 C.F.R. § 51.62(a)(2)—for suspicion of identity fraud after he visited a United States embassy in Yemen in 2013 and signed a statement declaring that his true name was "Ahmed Ahmed Mohamed Albaadani." *Id.* The Second Circuit's opinion does not limit the Department of State's authority to revoke an incorrectly issued passport based on a finding of non-nationality pursuant to 22 C.F.R. § 51.62(b), but rather only speaks to the deference required to an unchallenged certificate of naturalization.