UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDO LUFTU ALI,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil Case No. 20-01436 (RJL)
                                   )
UNITED STATES DEPARTMENT OF        )
STATE,                             )
                                   )
        Defendant.                 )

## MEMORANDUM OPINION
(March 17, 2021) [Dkt. # 6]

Plaintiff Abdo Ali ("plaintiff" or "Ali") brings this action under the Administrative Procedure Act ("APA") against the U.S. Department of State ("State Department" or "defendant"), seeking an order setting aside defendant's revocation of Ali's U.S. passport. Compl. [Dkt #1] ¶ 1. Presently before the Court is defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), in which defendant argues that plaintiff fails to state a claim under the APA because there is an alternative remedy available under the Immigration and Nationality Act of 1952 ("INA"). Defendant's Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot.") [Dkt. #6-1] at 1. Upon consideration of the parties' pleadings, relevant law, the entire record herein, and for the reasons stated below, I agree and therefore GRANT defendant's motion.

### BACKGROUND

Ali currently resides in Oxford, Mississippi, but he was born in Yemen in 1979.

1

At the time, Ali's father was a U.S. citizen, having naturalized approximately ten and a half years earlier in January 1969. Compl. ¶ 8. In 1990, Ali was first issued a U.S. passport under Section 301(g) of the INA on the grounds that he was a child of a U.S. citizen, who, prior to Ali's birth, had been present in the U.S. for at least ten years, including at least five while he was older than fourteen. *Id.* ¶ 10. Ali entered the United States in 1994 and was issued passport renewals in 1999 and 2009. *Id.* ¶ 13.

Because passports "may be issued only to a U.S. national," 22 C.F.R. § 51.2(a), the initial issuance of Ali's passport and the subsequent renewals necessarily constituted findings that Ali was a U.S. national. *See* Compl. ¶¶ 14, 19. On January 8, 2019, however, the State Department revoked Ali's passport on the ground that he was not a U.S. national. *Id.* ¶ 15; *see also* 22 C.F.R. § 51.62(b) ("The Department may revoke a passport when the Department has determined that the bearer of the passport is not a U.S. national."). In a letter to Ali, the State Department explained its decision by noting that sometime after the 2009 renewal, "[a]n investigation . . . revealed that [Ali's] father was not physically present in the United States for ten years before [Ali's] birth," as was then required by Section 301(g) of the INA. *See* Ex. A to Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") [Dkt. #9-1] at 1.[1] The letter cited documentation supporting its position but lacked any explanation as to why the State Department had initially issued Ali a passport and subsequently renewed it twice. *Id.*; Compl. ¶18.

On May 30, 2020, Ali filed this suit under the APA, 5 U.S.C. § 701 *et seq.*,

---

[1] No hearing was held on the decision to revoke Ali's passport because none was required under 22 C.F.R. § 51.70(b)(5).

seeking to set aside the revocation decision. *See* Compl. at 8. The complaint alleges that, "to the best of his knowledge," Ali is a citizen and national of the United States, *id.* ¶ 3, and that the State Department's decision to revoke his passport was "arbitrary . . . as well as not being in accordance with law." *Id.* ¶ 1. In the alternative, the complaint states that "even if [Ali] is not a national of the United States," the revocation should still be set aside because the State Department "is estopped by laches and equitable estoppel from revoking [] Ali's passport." *Id.* ¶ 2.

## STANDARD OF REVIEW

In analyzing a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006). To survive, a complaint must "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). That is, the complaint must contain sufficient factual allegations that, if accepted as true, state a claim to relief that "is plausible on its face." *Id.* at 570. In analyzing a motion under Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ANALYSIS

The APA provides for judicial review where an individual "suffer[s] [a] legal wrong because of agency action" or is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. But this broad grant of authority is limited to those situations

3

where "there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) (holding absence of an alternative remedy is an element of an APA claim). Where such an alternative remedy exists, courts may not review a claim under the APA or exercise their authority to "hold unlawful and set aside agency action," 5 U.S.C. § 706. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (noting that 5 U.S.C. § 704 "makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action").

In assessing whether an adequate alternative remedy exists, courts "look for clear and convincing evidence of legislative intent to create a special, alternative remedy." *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (quoting *Garcia v. Vilsack*, 563 F.3d 519, 523 (D.C. Cir. 2009) (internal quotation marks omitted)). Our Circuit Court has identified several instances where an alternative remedy is adequate, including "where Congress has provided 'an independent cause of action or an alternative review procedure,'" *id.* at 1245 (quoting *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)), and where "[a]n alternative . . . provides for *de novo* district-court review of the challenged agency action." *Id.* Because the APA requires only an "adequate" alternative, 5 U.S.C. § 704, the purported "'alternative remedy need not provide relief *identical* to relief under the APA' in order to have preclusive effect." *Citizens for Responsibility and Ethics in Washington*, 846 F.3d

at 1245 (quoting *Garcia*, 563 F.3d at 522).

Defendant contends Section 360(a) of the INA, *see* 8 U.S.C. § 1503, provides such an adequate alternative remedy, preventing review of plaintiff's claims under the APA. Def.'s MTD at 4–5. Plaintiff counters that Section 360(a) cannot provide an adequate alternative remedy because the sole relief provided there—a declaration that Ali is a U.S. national—is not the relief he seeks here. *See* Pl.'s Opp. at 4. Indeed, Ali disclaims even alleging that he is a U.S. national. *Id.* (stating that Ali "need not – and does not – make this claim here"). Instead, Ali characterizes his complaint as making four arguments, none of which, in his view, requires plaintiff "to even assert that he is a U.S. national in order to prevail." *Id.* at 3.

First, Ali claims that "the revocation of his passport . . . was arbitrary because it did not provide a rational explanation for departing from the [State] Department's prior three (3) decisions finding [] Ali to be a U.S. national." *Id.* Second, he asserts "the revocation was not in accordance with law because it was contrary to the presumption of regularity." *Id.* Third, Ali claims that "even if [he] is not a U.S. national, still the revocation was not in accordance with law because the [State] Department was barred by laches from revoking [] Ali's passport when he has been grievously prejudiced by its over 28 year delay in doing so." *Id.* Finally, plaintiff argues that "even if [] Ali is not a U.S. national, the revocation was not in accordance with law because the [State] Department is equitably estopped from revoking his passport due to its own erroneous issuance of it when its wrongful approval has brought about an egregiously unfair result to [] Ali and

his family." *Id.*

Unfortunately for plaintiff, I agree with defendant that no matter how it is framed, the complaint fails to state a viable claim under the APA. How so? To the extent Ali argues he *is* a U.S. national but the revocation of his passport was arbitrary or unlawful, I agree with defendant that Section 306(a) of the INA provides an adequate alternative remedy. Section 360(a) outlines the process by which an individual can receive judicial review of an agency's decision to deny them "a right or privilege as a national of the United States . . . [on] the ground that [the individual] is not a national of the United States." 8 U.S.C. § 1503; *Xia v. Tillerson*, 865 F.3d 643, 655 (D.C. Cir. 2017) ("[8 U.S.C. § 1503] provides for judicial review of denial of any 'right or privilege' of citizenship, including invalidations of passports or naturalization certificates."). If, as is the case here, an aggrieved party is "within the United States," that individual may seek a "judgment declaring him to be a national of the United States" from a federal district court under Section 360(a). 8 U.S.C. § 1503(a). Such actions, however, may not be brought in *any* federal court. They must be filed "in the district court of the United States for the district in which such person resides." *Id.*

As the numerous courts that have addressed this issue have found, Section 306(a) provides an adequate alternative remedy where a claimant seeks review of the State Department's determination that he or she is not a U.S. national. *See Xia*, 865 F.3d at 655 (stating 8 U.S.C. § 1503 "provides plaintiffs an adequate avenue to assert their citizenship claims"); *Alsaidi*, 292 F. Supp. 3d at 326 (dismissing plaintiff's APA claim

regarding denial of her passport renewal because § 1503 provides an adequate alternative remedy); *Hassan v. Holder*, 793 F. Supp. 2d 440, 445 (D.D.C. 2011) (same with respect to passport revocation); *see also Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016) ("[C]ourts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S. national, reasoning that . . . a judicial declaration of citizenship and entitlement to a passport [] may be directly sought through 8 U.S.C. § 1503(a).").

Plaintiff argues that § 1503(a) is inadequate because it would require "a substantially higher burden of proof." Pl.'s Opp. at 3. But our Circuit Court has rejected this proposition, finding that "[t]he threshold showing required of a section 1503 plaintiff is minimal." *Xia*, 865 F.3d at 656 (noting that "[p]resenting proof of a . . . passport—even if already administratively cancelled—would seem to satisfy that *prima facie* requirement"). Thus, to the extent plaintiff's complaint is premised on the theory that the State Department's determination was erroneous, plaintiff has an adequate alternative remedy in § 1503(a) and cannot proceed under the APA.[2] *Id.*; *Alsaidi*, 292 F. Supp. 3d at 326–27.

In an attempt to avoid the preclusive effect of § 1503(a), Ali argues in the alternative that he is permitted to proceed with this suit under the APA regardless of

---

[2] The Court appreciates that the State Department's conduct in recognizing Ali as a U.S. national for almost thirty years, only to reverse that determination with minimal explanation, must be exceedingly frustrating. But plaintiff's recourse nonetheless lies under Section 360(a) of the INA, not the APA. *See Hassan*, 793 F. Supp. 2d at 443 (noting that although multiple inconsistent decisions from the government over a span of many years created an understandable frustration, no action was cognizable under the APA with respect to the revocation of plaintiff's passport).

whether he is, in fact, a U.S. national. *See* Pl.'s Opp. at 3 (invoking this Court's equitable powers under the doctrines of laches and estoppel). Under this theory, plaintiff would have the Court set aside defendant's revocation of Ali's passport even though he fails to allege that he meets the necessary precondition for a U.S. passport—being a U.S. national, 22 C.F.R. § 51.2(a). *See* Pl.'s Mot. at 4–5 n.2 (stating that Ali does not "claim unequivocally" that he is a U.S. national, but "maintains that . . . even if he is not a U.S. national, the [State] Department should be estopped from denying it"). Unfortunately for plaintiff, this I cannot do.

The power to issue passports rests solely in the Secretary of State or a designee. 22 U.S.C. § 211a (providing that the Secretary possesses the authority to "grant and issue passports . . . and no other person shall grant, issue, or verify such passports"). Passports may only be issued to U.S. nationals, *see* 22 C.F.R. § 51.2(a), and the State Department may revoke those passports when it determines that the bearer of the passport is not a U.S. national. 22 C.F.R. § 51.62(b); *see also* 22 U.S.C. § 212 ("No passport shall be granted or issued to or verified for any other persons than those owing allegiance, whether citizens or not, to the United States.").

The Court's power to craft equitable remedies, while broad, does not permit it to interfere with this statutory and regulatory scheme. *See INS v. Pangilinan*, 486 U.S. 875, 883–84 (1988) (holding courts' equitable authority does not extend to crafting remedies contrary to Congressional statutes). Especially in the immigration context, the Court may not rely on the doctrine of laches or the doctrine of equitable estoppel to override public

policy as established by Congress. *See id.* at 885 ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of [statutory limitations].").

Congress has established that only U.S. nationals may receive a passport. *See* 22 U.S.C. § 212. It has also provided, through 8 U.S.C. § 1503(a), a mechanism to challenge agency determinations that an individual is not a U.S. national. But where a plaintiff refuses to pursue this avenue of relief, courts may not grant through alternative equitable means what is effectively the same result—a determination that the State Department must treat plaintiff as if he is a U.S. national. *See Pangilinan*, 486 U.S. at 883–84.

Accordingly, no matter how plaintiff frames his complaint, it fails to state a claim under the APA.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and DISMISSES the action in its entirety. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge